FILED
Aug 03, 2023
03:10 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Sherry Sanders ) | Docket No. 2022-03-0499 |
| ) | |
| v. ) | State File No. 800872-2022 |
| ) | |
| Sevita Health d/b/a D&S ) | |
| Residential Services ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Pamela B. Johnson, Judge ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee challenges the trial court's conclusion that she is not likely to prevail at trial in proving she timely filed a petition for benefits. The employee filed a petition in May 2022 alleging injuries occurring in May 2021. After reviewing the evidence, including medical records, and hearing the employee's testimony, the trial court concluded that the date of injury alleged on the petition was an error, as other evidence indicated that her alleged injury likely occurred in March 2021. The employer paid no benefits on the claim, and the trial court found that the employee's May 2022 filing likely occurred after the applicable statute of limitations had expired. The court issued an interlocutory order denying the benefits requested by the employee on that basis, and the employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Sherry Sanders, Oak Ridge, Tennessee, employee-appellant, pro se

C. Christopher Brown, Knoxville, Tennessee, for the employer-appellee, Sevita Health d/b/a D&S Residential Services

1

**Memorandum Opinion[1]**

Sherry Sanders ("Employee") worked for Sevita Health d/b/a D&S Residential Services ("Employer") at a residential facility designed to assist adults with physical and mental disabilities. She alleges that she suffered a mental injury as a result of being required to work for a month "24/7 without assistance or relief." She took medical leave and sought treatment for her mental health symptoms, which she asserts were severe and interfered with her ability to function normally.[2]

Employee submitted records from Fast Pace Medical Clinic documenting the course of her treatment for her mental health complaints and associated physical symptoms. She was first seen at Fast Pace on March 26, 2021, complaining of fatigue, headache, and sleep difficulties. She was diagnosed with anxiety, hypertension, and insomnia. She returned to Fast Pace on March 31, 2021, with the added complaint of anxiety, which she attributed to "having a difficult work schedule." Over the course of the next few visits, she reported suicidal ideation, delusions, hallucinations, and other symptoms. She received counseling, was prescribed medication, and was ultimately diagnosed with hypertension, major depressive disorder with severe psychotic features, and schizophrenia. Early medical records reflect that her complaints began on March 19, 2021.

Employee filed a petition for benefit determination on May 2, 2022, which reflected a date of injury of May 25, 2021. However, as the trial court observed, "an unidentified Bureau employee made a copy of the petition, erased the date of injury originally indicated by Employee, and typed in '03/25/21' and 'Spoke with [Employee] to confirm [date of injury].'"[3] Subsequent documentation and proceedings in the mediation process referenced a March 2021 date of injury. Employee's testimony at the

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] Employee also alleges back and leg injuries, but she did not submit medical records documenting any such injuries or treatment for those complaints. The nature and extent of her alleged mental injury are not at issue in this appeal, so we need not include a detailed description of her treatment for those complaints.

[3] As the trial court observed, documents altered by Bureau employees, even if stamped "copy," are not pleadings and will not be considered by the trial court as part of the court record. Similarly, we will not consider such documents on appeal. As we have previously stated, the filing of a petition is the general equivalent of the filing of a complaint because it "initiates the process for resolving disputes" and tolls the statute of limitations as provided in Tennessee Code Annotated section 50-6-203(b). *See Valladares v. Transco Prods., Inc.*, Nos. 2015-01-0117, 2015-01-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *17 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Moreover, pursuant to Rule 11 of the Tennessee Rules of Civil Procedure, it is inappropriate to file a pleading that has been altered or amended by Bureau personnel.

expedited hearing also confirmed that she believed she suffered a mental injury arising out of her employment in March 2021.[4] Employer asserted defenses based upon, among other arguments, the expiration of the statute of limitations and lack of proper notice, asserting that it had paid no benefits on the claim and that, therefore, the claim was barred. After the expedited hearing, the trial court entered an order finding that Employee was unlikely to prevail at trial in proving her petition was filed within one year of her alleged injury and, as a result, denied her claim for the initiation of benefits. Employee has appealed.

On her notice of appeal, Employee wrote "[t]he court has stated that I did not file in the appropriate time, with my suit against [Employer]. I have proof that I filed[,] and I've got my letters to show the court, for this appeal." It is unclear to what "letters" Employee may be referring, as there are no documents fitting that description admitted into evidence or contained in the record on appeal. Employee also filed a handwritten document that we will treat as her brief.[5] That document states, in its entirety:

> I[,] Sherry Sanders[,] at the mercy of the court ask the judge to reconsider my case because I reported my injuries to my supervisor, human resources, insurance carrier more than once[;] each time I was told that my injuries w[ere] not a workers['] comp claim. I had to pay out of pocket for my treatment[,] medical visits, out pocket for medicine, my doctor visit[s] are still ongoing. I had spoken with [an] attorney who . . . told me that my case was a workers['] comp claim and she told me to contact workers['] comp in [N]ashville so I did[; I] have filed [several] complaints with the equal opportunity so I do have proof of my reporting and I know [I am] disable[d] from my injuries[.]

We find Employee's arguments to be unavailing. While she asserts that she reported her injuries on multiple occasions to multiple people, she has provided no evidence to that effect. Moreover, although Employer did raise a notice defense, the trial court did not deny Employee's request for benefits on the basis of untimely notice. Rather, Employee's request for benefits was denied because the trial court concluded she is unlikely to prevail in proving she filed a petition for benefit determination prior to the

---

[4] As we observed previously, a mental injury occurs "when there is a loss of mental faculties or a mental or behavioral disorder arising primarily out of a physical injury or an identifiable work[-]related event resulting in a sudden or unusual stimulus." *Nickerson v. Knox Cty. Gov't*, No. 2019-03-0559, 2020 TN Wrk. Comp. App. Bd. LEXIS 52, at *21 (Tenn. Workers' Comp. App. Bd. Sept. 2, 2020), *aff'd and adopted*, No. E2020-01286-SC-R3-WC, 2021 Tenn. LEXIS 124 (Tenn. Workers' Comp. Panel June 8, 2021). In circumstances where no work-related physical injury is alleged, "we must look to the date of the identifiable work-related event [or events] resulting in a sudden or unusual stimulus." *Id.*

[5] In its brief, Employer argues that Employee's brief should be stricken for failing to comply with the Appeals Board's rules and regulations governing briefs. *See* Tenn. Comp. R. & Regs. 0800-02-22-.07. We decline under these circumstances to strike the brief despite its shortcomings.

expiration of her statute of limitations. Employee's arguments on appeal fail to address that issue.

Tennessee Code Annotated section 50-6-203 states in pertinent part,

In instances when the employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation under this chapter shall be forever barred, unless the notice required by § 50-6-201 is given to the employer *and a petition for benefit determination is filed with the bureau . . . within one (1) year after the accident resulting in injury*.

Tenn. Code Ann. § 50-6-203(b)(1) (2022) (emphasis added). Thus, regardless of Employee's arguments concerning when and whether she provided notice of her injury, the determinative issue in this appeal is whether she is likely to prevail at trial in proving she filed a petition for benefit determination within one year of the date of her injury, as it is undisputed that Employer has paid no benefits. At this stage of the litigation, the preponderance of the evidence supports the trial court's conclusion that Employee is unlikely to prevail on this issue at trial.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employee.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sherry Sanders | ) | Docket No. 2022-03-0499 |
| | ) | |
| v. | ) | State File No. 800872-2022 |
| | ) | |
| Sevita Health d/b/a D&S | ) | |
| Residential Services | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of August, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Sherry Sanders | | | | X | bamivy2@gmail.com |
| C. Christopher Brown | | | | X | chris.brown@leitnerfirm.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov